Per Curiam.
Defendant was convicted after a jury trial of violating MCL 750.224Í (felon in possession of a firearm) and MCL 750.227b (possession of a firearm during the commission of a felony).[1] He argues that these convictions violate the federal and state prohibitions against double jeopardy.[2] The Court of Appeals rejected defendant’s double jeopardy claim, holding that its decision in People v Dillard, 246 Mich *450 App 163; 631 NW2d 755 (2001), controlled.[3] Defendant now seeks leave to appeal, arguing that Dillard and our decision in People v Mitchell, 456 Mich 693; 575 NW2d 283 (1998), which the Dillard panel followed, were wrongly decided. We disagree.
I
A challenge under the double jeopardy clauses of the federal and state constitutions presents a question of law that this Court reviews de novo. People v Herron, 464 Mich 593, 599; 628 NW2d 528 (2001). The double jeopardy clauses of the United States and Michigan constitutions protect against governmental abuses for both (1) multiple prosecutions for the same offense after a conviction or acquittal and (2) multiple punishments for the same offense. Ohio v Johnson, 467 US 493, 497; 104 S Ct 2536; 81 L Ed 2d 425 (1984); Herron, supra. The issue presented in this case is one of multiple punishments for the same offense.
This Court discussed the constitutional protections against multiple punishments in Mitchell, supra at 695, which relied on People v Sturgis, 427 Mich 392; 397 NW2d 783 (1986). In Sturgis, Justice Boyle, speaking for a majority, helpfully discussed the multiple punishment bar by contrasting it with the multiple prosecution bar:
The Court can enforce the constitutional prohibition against multiple prosecutions through judicial interpretation of the term “same offense” as intended by the framers of the constitution. Judicial examination of the scope of *451 double jeopardy protection against imposed multiple punishment for the “same offense” is confined to a determination of legislative intent. In the latter case, the core double jeopardy right to be free from vexatious proceedings is simply not present, People v Robideau, [419 Mich 458, 485; 355 NW2d 592 (1984)]. Since the power to define crime and fix punishment is wholly legislative, the clause is not a limitation on the Legislature, Whalen v United States [445 US 684, 700; 100 S Ct 1435; 63 L Ed 2d 715 (1980)], and the only interest of the defendant is in not having more punishment imposed than intended by the Legislature, People v Robideau, supra, 485. Thus, “[even] if the crimes are the same, ... if it is evident that a state legislature intended to authorize cumulative punishments, a court’s inquiry is at an end,” Ohio v Johnson, 467 US 493, 499 n 8; 104 S Ct 2536; 81 L Ed 2d 425 (1984). [Sturgis, supra at 400.]
The question is, then, whether the “state legislature intended to authorize cumulative punishments.” Ohio, supra.
The felony-firearm statute, as relevant, states:
A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223, section 227, 227a or 230, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this subsection, the person shall be imprisoned for 10 years. [MCL 750.227b(l).]
The felon in possession statute states, in relevant part:
(1) Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of 3 years after all of the following circumstances exist:
*452 (a) The person has paid all fines imposed for the violation.
(b) The person has served all terms of imprisonment imposed for the violation.
(c) The person has successfully completed all conditions of probation or parole imposed for the violation. [MCL 750.224f.]
In considering MCL 750.227b in Mitchell, we concluded that, with the exception of the four enumerated felonies,[4] it was the Legislature’s intent “to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than those four explicitly enumerated in the felony-firearm statute.” Id. at 698.
We follow, as did the Court of Appeals in Dillard, supra, our Mitchell opinion in resolving this matter. Because the felon in possession charge is not one of the felony exceptions in the statute, it is clear that defendant could constitutionally be given cumulative punishments when charged and convicted of both felon in possession, MCL 750.224Í, and felony-firearm, MCL 750.227b. Because there is no violation of the double jeopardy clause, the Court of Appeals properly affirmed defendant’s convictions. In lieu of granting leave to appeal, we affirm the judgment of the Court of Appeals on this point. MCR 7.302(G)(1). In all other respects, we deny defendant’s delayed application for leave to appeal because we are not persuaded that the questions presented should be reviewed by this Court. Defendant’s motion to remand is also denied.
*453 Corrigan, C.J., and Weaver, Taylor, Young, and Markman, JJ., concurred.

 Defendant was also convicted of assault with intent to do great bodily harm less than murder, MCL 750.84.

 US Const, Am V; Const 1963, art 1, § 15.

 Unpublished opinion per curiam, issued August 30, 2002 (Docket Nos. 232225, 232274).

 MCL 750.223 (unlawful sale of a firearm), MCL 750.227 (carrying a concealed weapon), MCL 750.227a (unlawful possession by licensee), and MCL 750.230 (alteration or removal of identifying marks).