# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 22, 2015

Plaintiff-Appellee,

v

No. 322142
Wayne Circuit Court
LC No. 13-010118-FH

CLARENCE BROWN,

Defendant-Appellant.

Before: FORT HOOD, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of felon in possession of a firearm, MCL 750.224f, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to three years' probation for the felon in possession of a firearm and carrying a concealed weapon convictions, and two years' imprisonment for the felony-firearm conviction. We affirm.

This case arises from a report of shots fired in an area where Detroit Police Officers Edward Hicks and Thomas Houston were located. Hearing five or six shots coming from an unknown location, the officers began canvassing the area. After traveling about three blocks west, they came upon two men standing on the sidewalk. Houston pulled the car over to the side of the road, and Hicks rolled down his window, intending to ask the men for information regarding the shots. Both officers testified that one of the men, later identified as defendant, immediately grabbed the waistband of his pants and took off running to a nearby residence. Suspicious of the unprovoked flight, Hicks ran after defendant, grabbing the outside handle of the residence's door just as defendant was grabbing the inside handle in an attempt to lock Hicks out. Seconds later, defendant pushed the door at Hicks and ran back outside before jumping off the porch. According to Hicks, defendant removed a handgun from the waistband of his pants as he ran and tossed it with one hand before slipping and falling on the grass. Houston, who had exited the vehicle after Hicks, handcuffed defendant while Hicks searched the area. Hicks found the handgun atop an electrical meter, which was directly in front of the residence out of which defendant had run.

On appeal, defendant first argues that the evidence presented at trial was insufficient to support his convictions. We disagree.

-1-

Challenges to the sufficiency of the evidence are reviewed de novo to "determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (citation omitted). "This Court reviews the evidence in the light most favorable to the prosecution." *Id*. This Court will not interfere with the jury's role to determine the weight of the evidence or the credibility of witnesses in evaluating the sufficiency of the evidence. *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010).

Defendant was charged with carrying a concealed weapon, felon in possession of a firearm, and felony-firearm. Defendant asserts only that there was insufficient evidence to show that he possessed a firearm, an element common to all three charges. MCL 750.224f; MCL 750.227; MCL 750.227b. "Possession can be established with circumstantial or direct evidence, and the ultimate question of possession is a factual inquiry to be answered by the jury." *People v Flick*, 487 Mich 1, 14; 790 NW2d 295 (2010) (internal citations and quotations omitted). The testimony of Hicks and Houston supported the jury's conclusion that defendant possessed a firearm. Hicks and Houston both testified that they had seen defendant grab the waistband of his pants and run away from their police cruiser in a well-lit area. According to the officers, grabbing one's waistband is typical behavior of someone concealing a handgun. Hicks further testified that he again saw defendant holding the waistband of his pants while Hicks struggled with defendant over the door, and that he watched defendant toss the gun as defendant was fleeing from the porch. This testimony was sufficient to establish possession. We disagree with defendant's argument that Hicks's testimony regarding defendant's "tossing" of the weapon was so incredible that the jury was not justified in finding sufficient evidence of defendant's guilt. It is well-established that credibility determinations are within the purview of the jury, and this Court will not second guess those determinations on appeal. *Bennett*, 290 Mich App at 472. Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence presented for a rational trier of fact to find the essential element of possession proven beyond a reasonable doubt.

Defendant also argues that, even if the evidence was sufficient to support his convictions, the jury's verdicts were against the great weight of the evidence, and the trial court abused its discretion when it denied his motion for a new trial. We disagree. "We review for an abuse of discretion a trial court's grant or denial of a motion for a new trial on the ground that the verdict was against the great weight of the evidence." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). A verdict is against the great weight of the evidence when "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Id.*

Defendant argues, similar to his sufficiency claim, that the jury verdict was against the great weight of the evidence with respect to defendant's possession of the firearm. While defendant asserts that the verdict was "surprising" and that Hick's story was "hard to believe," it is well-established that the existence of "[c]onflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial." *Id*. at 469-470. "Further, the resolution of credibility questions is within the exclusive province of the jury." *Id*. at 470. Unless it can be said that the testimony was "so far impeached that it was deprived of all probative value or that the jury could not believe the testimony, or the testimony contradicted

indisputable physical facts or defied physical realities," the trial court must defer to the jury's determination. *Id.* (internal quotation marks and citations omitted).

We do not agree that the verdict was against the great weight of the evidence. While Hicks's testimony was not directly corroborated, his account of the handgun landing atop the electrical meter after defendant tossed it aside was not impossible to believe. While it may have been an improbable or unusual circumstance, Hicks's testimony did not contradict indisputable physical facts or defy physical realities. *Id.* Thus, it cannot be said that the evidence preponderated so heavily against the verdict that it would be a miscarriage of justice to let the verdict stand. *Id.* at 469.

Next, defendant argues that he was deprived of his constitutional right to effective assistance of counsel. We disagree.

Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo. *Id.*, citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Defendant preserved this issue by filing a motion for a new trial with the trial court, which the court denied. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000). However, the trial court did not hold an evidentiary hearing, so our review is limited to the facts on the record. *People v Chapo*, 283 Mich App 360, 369; 770 NW2d 68 (2009), citing *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

"To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), citing *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207. "A defendant must meet a heavy burden to overcome the presumption that counsel employed effective trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Defendant raises several instances of alleged ineffective assistance of counsel. First, defendant claims he was deprived the effective assistance when his trial counsel failed to excuse a juror who had expressed a bias in favor of police witnesses. We disagree. At trial, the challenged juror expressed his belief that police witnesses might be more believable than the average witness because they have nothing to gain or lose through the offer of testimony. This Court acknowledges that, in a case such as the one before us, turning solely on the testimony of police officers, a juror's potential bias in favor of police witnesses should be carefully scrutinized. However, "[p]erhaps the most important criteria in selecting a jury include a potential juror's facial expressions, body language, and manner of answering questions." *People v Unger*, 278 Mich App 210, 258; 749 NW2d 272 (2008), citing *People v Robinson*, 154 Mich App 92, 94-95; 397 NW2d 229 (1986). As a reviewing Court, we "cannot see the jurors or listen to their answers to voir dire questions." *Unger*, 278 Mich App at 258 (citation omitted). "For

this reason, this Court has been disinclined to find ineffective assistance of counsel on the basis of an attorney's failure to challenge a juror." *Id.*

Here, we conclude that defense counsel was in a much better position to evaluate the potential prejudice of the juror's expressed bias. While the record is unclear as to whether the potential juror responded to trial counsel's specific questioning, or whether the juror provided any gestures or verbal cues in response, the juror agreed to follow the law as provided when asked by the judge. Further, as noted by the trial court, the potential juror provided other answers which may have likely caused defense counsel to believe that the juror may be favorable to defendant. "A lawyer's hunches, based on observations, may be as valid as any method of choosing a jury," *id.*, and we see no reason to question the presumption that trial counsel's voir dire decisions represented sound trial strategy, *People v Johnson*, 245 Mich App 243, 259; 631 NW2d 1 (2001).

Second, defendant claims that his trial counsel was ineffective when he failed to reasonably investigate and obtain photographs of the crime scene. "Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses . . . ," meaning defenses that may have affected the outcome of the trial. *Chapo*, 283 Mich App at 371. The failure to conduct an adequate investigation constitutes ineffective assistance if it undermines the confidence in the outcome of the trial. *Russell*, 297 Mich App at 716. Defendant claims that trial counsel's failure to investigate and obtain pictures of the scene deprived defendant of his constitutional right to effective assistance of counsel because photographs of the electrical meter that defendant allegedly threw the firearm on to would have discredited Hicks's testimony. There is some merit to defendant's claim that trial counsel failed to conduct a reasonable investigation. Trial counsel heard Hicks's version of the incident at defendant's preliminary examination, and would have reasonably concluded that the size and shape of the electrical meter would have some bearing on the case. An objectively reasonable investigation would have included, at least, a visual comparison of the handgun and the electrical meter. Because appellate counsel was unable to reach trial counsel for purposes of this appeal, it is impossible to know if such a visual inspection took place. However, it is unnecessary to draw a conclusion on the reasonableness of trial counsel's investigation because defendant has not shown that, but for trial counsel's failure to provide pictures of the electrical meter, the outcome at trial would have been different. During direct examination, Hicks used qualifying phrases while referring to the meter. The jury was exposed to Hicks's uncertainty as to the measurements, which trial counsel had an opportunity to highlight both during cross-examination and in his closing argument. In addition, as noted by the prosecution, trial counsel argued at trial that the electrical meter had an uneven surface, and it would be implausible for the handgun to land there. Accordingly, we do not agree that the introduction of photographs would have affected the outcome at trial by a reasonable probability.

Third, defendant argues that trial counsel was ineffective for neglecting to call Crystine Small, an eyewitness who had been sitting in a parked car in the residence's driveway, to testify on his behalf. "Decisions regarding whether to call or question witnesses are presumed to be matters of trial strategy." *Id.* Trial counsel's failure to a call a witness is only considered ineffective assistance if it deprived the defendant of a substantial defense. *Id.* "A substantial defense is one that might have made a difference in the outcome of the trial." *Chapo*, 283 Mich App at 371.

Defendant asserts that Small's testimony may have "tipped the scale" in favor of defendant. Based on Small's affidavit, it appears that Small's testimony may have impeached Hicks's testimony to some degree, but we do not agree that the impeachment value of the testimony was sufficient to overcome the strong presumption that counsel elected not to present it as a matter of sound trial strategy. Indeed, defendant acknowledged that trial counsel informed him of the decision not to call Small after counsel became aware of potentially damaging statements Small had made during an interview with the prosecution. Although the record is silent as to what those statements were or how they may have damaged defendant's case, there is no evidence that defendant objected to trial counsel's decision at that time. Accordingly, we conclude that trial counsel's decision was strategic, and this Court will not second guess that decision on appeal. *Payne*, 285 Mich App at 190; *Russell*, 297 Mich App at 716.

Fourth, defendant asserts that his trial counsel was ineffective for failure to move for a directed verdict at the close of the prosecution's case at trial. We disagree. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). As previously discussed, by the close of the prosecutor's case, sufficient evidence had been submitted to allow a rational trier of fact to find defendant guilty of each charge beyond a reasonable doubt. Further, although the trial court judge expressed skepticism at sentencing regarding the jury's guilty verdict, the judge also stated that, "based on the facts and the testimony that they heard, it was a reasonable conclusion that [the jury] reached." Accordingly, the judge's statements at sentencing do not show that defendant's motion would have been granted.

Finally, defendant claims that trial counsel was ineffective for failing to object to certain statements made by the prosecutor during closing arguments. According to defendant, the prosecutor's statements that the officers were credible and that Hicks was "honest" and "told the truth," constituted improper bolstering of witness credibility. However, "[a] prosecutor may comment on his own witnesses' credibility during closing argument," *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004), so long as he does "not vouch for the credibility of his witnesses by suggesting that he has some special knowledge of the witnesses' truthfulness." *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009). Here, when viewing the prosecutor's comments in the context of the entire record, *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007), there was no indication that the prosecutor suggested that she had any special knowledge of Hicks's credibility. She merely pointed out facts in evidence that would support the officers' credibility, and guided the jurors toward that rational inference. Additionally, these remarks were responsive to defendant's closing argument, which repeatedly attacked the believability of the officers' testimony. Considered in context, and especially in light of their responsive nature, the prosecutor's statements were not improper. For these reasons, defendant's claim of ineffective assistance on this basis lacks merit.

Defendant argues that while each of trial counsel's individual errors may not have resulted in prejudice, the cumulative nature of trial counsel's errors demonstrates that defendant was deprived of his constitutional right to a fair trial. "The cumulative effect of several errors can constitute sufficient prejudice to warrant reversal even when any one of the errors alone would not merit reversal, but the cumulative effect of the errors must undermine the confidence in the reliability of the verdict before a new trial is granted." *Id.* at 106. However, if the

defendant has not established any errors, then reversal is not warranted. *Id*. Accordingly, defendant is not entitled to relief on this basis.

Defendant next argues that his convictions and sentences for both felon in possession of a firearm and felony-firearm violate the state and federal constitutional principles against double jeopardy. The Michigan Supreme Court expressly rejected defendant's argument in *People v Calloway*, 469 Mich 448, 452; 671 NW2d 733 (2003), holding that cumulative punishments for felon in possession of a firearm and felony-firearm do not violate double jeopardy. A decision of the Supreme Court is binding on this Court. *People v Strickland*, 293 Mich App 393, 402; 810 NW2d 660 (2011). Thus, we reject defendant's argument. We similarly reject defendant's final argument on appeal that insufficient evidence existed to support his felony-firearm conviction because the Legislature did not intend to allow a felon in possession of a firearm charge to act as an underlying felony for purposes of felony-firearm. Contrary to defendant's claim, in *People v Calloway*, 469 Mich 448, 167-168; 671 NW2d 733 (2001), this Court has held that "[b]ecause [the] defendant's felon in possession charge unquestionably does not constitute one of the explicitly enumerated exceptions in the felony-firearm stature, we conclude that the Legislature clearly intended to permit a defendant charged with felon in possession [of a firearm] to be properly charged with an additional felony-firearm count." *Id.* This Court is bound by its precedent, MCR 7.215(C)(2), so we reject defendant's argument accordingly.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly

-6-