# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 14, 2017

Plaintiff-Appellee,

v

No. 334634
Wayne Circuit Court
LC No. 15-008091-01-FH

ARIUS PINKSTON,

Defendant-Appellant.

Before: BECKERING, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions for carrying a concealed weapon (CCW), MCL 750.227, felon in possession of a firearm, MCL 750.224f, felon in possession of ammunition, MCL 750.224f(6), and possession of a firearm during the commission of a felony (felony-firearm) (third or subsequent offense), MCL 750.227b. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to two years' probation for the CCW, felon in possession of a firearm, and felon in possession of ammunition convictions, and 10 years' imprisonment for the felony-firearm conviction. We affirm.

On appeal, defendant first argues that the evidence was insufficient to establish beyond a reasonable doubt that he was guilty of all of the charges. We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). "In reviewing the sufficiency of the evidence on appeal, a court should view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted). "[I]t is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Flick*, 487 Mich 1, 24–25; 790 NW2d 295 (2010) (quotation marks and citation omitted). "[C]ircumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime." *Solloway*, 316 Mich App at 180-181.

In relevant part, the CCW statute provides:
A person shall not carry a pistol concealed on or about his or her person . . . except in his or her dwelling house, place of business, or on other land possessed

-1-

by the person, without a license to carry the pistol as provided by law and if licensed, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license. [MCL 750.227(2).]

CCW is a general intent crime, meaning that the prosecution only needed to prove that defendant possessed the intent "to knowingly carry the weapon on [his] person." *People v Hernandez-Garcia*, 266 Mich App 416, 418; 701 NW2d 191 (2005) (citation and quotation marks omitted), vacated in part on other grounds by 477 Mich 1039 (2007). "Evidence that a defendant placed a revolver in his belt or waistband so that the weapon could not be readily seen has been found sufficient to uphold a CCW conviction." *Id*.

A rational fact-finder could conclude that defendant carried a concealed weapon. Specifically, Detroit Police Officer Kijuan Anderson testified that defendant had a black and gray gun in his hand and tucked it into his pocket once he noticed that officers were watching him. Detroit Police Officer Christopher Rabior testified that once defendant noticed the officers, "he no longer had the object in his hand," and that defendant moved his hand to his "left jacket pocket area." The officers had the benefit of headlights, flashlights and a spotlight to assist them in observing the gun. Officer Anderson also testified that defendant told him that he was carrying a gun because "people were getting robbed and killed around here." Based on this evidence, a rational trier of fact could find the elements of CCW proved beyond a reasonable doubt. *Reese*, 491 Mich at 139. Additionally, a rational fact-finder could conclude that defendant carried the weapon into the abandoned home, also demonstrating concealment in a place other than defendant's "dwelling house." See MCL 750.227(2).

Defendant challenges his CCW conviction by arguing that there was a reasonable doubt as to whether he actually possessed a gun because he testified at trial that he did not. However, defendant ignores the fact that "the prosecution need not negate every reasonable theory consistent with the defendant's innocence, but need merely introduce evidence sufficient to convince a reasonable jury in the face of whatever contradictory evidence the defendant may provide." *People v Hardiman*, 466 Mich 417, 423-424; 646 NW2d 158 (2002) (citation and quotation marks omitted). Because the prosecution presented sufficient evidence for a rational fact-finder to find the elements of CCW proved beyond a reasonable doubt, defendant's argument is without merit.

With regard to defendant's conviction for felon in possession of a firearm, the prosecution must prove that (1) defendant possessed a firearm, (2) defendant was previously convicted of a specified felony, and (3) fewer than five years had elapsed since defendant paid all fines, served all terms of imprisonment, and completed all terms of probation or parole imposed for the offense. MCL 750.224f; see also *People v Perkins*, 262 Mich App 267, 270-271; 686 NW2d 237 (2004), abrogated in part on other grounds by *People v Smith-Anthony*, 494 Mich 669, 682-683; 837 NW2d 415 (2013). Constructive possession is sufficient if there is circumstantial evidence that defendant "knowingly [had] the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons." *Flick*, 471 Mich at 14. "[A] defendant has constructive possession of a firearm if the location of the weapon is known and is reasonably accessible to the defendant." *People v Burgenmeyer*, 461 Mich 431, 437; 606 NW2d 645 (2000).

A rational fact-finder could conclude that defendant was guilty of felon in possession of a firearm. Trial counsel stipulated that defendant was not legally permitted to possess a firearm because he was previously convicted of a specified felony and his right to possess a firearm was not restored. The only remaining element to prove was that defendant possessed the firearm, either actually or constructively. See MCL 750.224f; *Flick*, 471 Mich at 14. The fact-finder could reasonably conclude that defendant had both actual and constructive possession of the gun. Both testifying police officers saw defendant in the street with the gun in his hand, and one of the officers saw defendant conceal the gun into his left pocket. When the officers tried to stop defendant, they watched as he went into what appeared to be an abandoned house. The officers subsequently searched the house and found a gun in the kitchen that looked similar to the one they saw defendant holding. Based on this evidence, a rational trier of fact could conclude beyond a reasonable doubt that defendant possessed a gun. Additionally, a rational trier of fact could conclude beyond a reasonable doubt that defendant had constructive possession of the gun because he testified that he was aware of the gun's location in the house and that he had reasonable access to it. See *Burgenmeyer*, 461 Mich 437.

Included in defendant's statement of questions presented is the assertion that there was insufficient evidence to convict him of felon in possession of ammunition, but defendant fails to argue or cite authority supporting this contention in the body of his brief. Regardless, his argument has no merit. The basis for defendant's felon in possession of ammunition conviction is MCL 750.224f, which states in relevant part:

> (4) A person convicted of a specified felony shall not possess, use, transport, sell, carry, ship, or distribute ammunition in this state until all of the following circumstances exist:
>
> (a) The expiration of 5 years after all of the following circumstances exist:
>
> (*i*) The person has paid all fines imposed for the violation.
>
> (*ii*) The person has served all terms of imprisonment imposed for the violation.
>
> (*iii*) The person has successfully completed all conditions of probation or parole imposed for the violation.
>
> (b) The person's right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute ammunition has been restored under section 4 of 1927 PA 372, MCL 28.424.
>
> * * *
>
> (6) A person who possesses, uses, transports, sells, carries, ships, or distributes ammunition in violation of this section is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $5,000.00, or both.

Defendant stipulated that he was not eligible to possess "any ammunition." At trial, defendant admitted that the police found "a bullet" in his pocket that matched the caliber of the handgun

found in the kitchen. Therefore a rational fact-finder could have concluded that defendant possessed ammunition in violation of MCL 750.224f(6).

Lastly, a rational fact-finder could conclude that defendant was guilty of felony-firearm. In order to prove a felony-firearm charge, the prosecution must prove that "defendant possessed a firearm during the commission of, or in the attempt to commit, a felony." *People v Bosca*, 310 Mich App 1, 22; 871 NW2d 307 (2015) (quotation marks and citations omitted). "A conviction for felon-in-possession may constitute the predicate felony for felony-firearm." *People v Calloway*, 469 Mich 448, 452; 671 NW2d 733 (2003). As stated earlier, there was sufficient evidence that defendant possessed the gun. There was also sufficient evidence to support defendant's convictions for felon in possession of a firearm and felon in possession of ammunition. Accordingly, there was sufficient evidence to support that defendant was a felon and committed a felony while in possession of a gun. See *Bosca*, 310 Mich App at 22; *Calloway*, 469 Mich at 452.

Defendant relatedly argues that his trial counsel was ineffective for stipulating to defendant's prior convictions. This issue is unpreserved because defendant did not move for a new trial or for a *Ginther*[1] hearing. "To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his attorney's performance was objectively unreasonable in light of prevailing professional norms; and (2) that he was prejudiced by the deficient performance." *People v Walker*, 497 Mich 894, 895; 855 NW2d 744 (2014). There is a strong presumption that defense counsel employed effective trial strategy, *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009), and this Court "will not substitute our judgement for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence," *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008).

Defense counsel stipulated that, "at the time of this offense . . . defendant had been previously convicted of a specified felony[ a]nd he had not regained the rights to carry, use or possess a firearm or any ammunition." Counsel's stipulation was reasonable; without a stipulation, the prosecution would have presented evidence of defendant's prior felony convictions, which may have included additional prejudicial details of those convictions. Considering the presumption in favor of counsel's actions as effective trial strategy, counsel's actions did not fall below an objective standard of reasonableness. And even if the stipulation was objectively unreasonable, defendant would not have been prejudiced because the prosecution would have simply provided the trial court with evidence of defendant's prior convictions and he still would have been convicted of felony-firearm.

Next, defendant contends that the trial court was limited to sentencing him based on the felony information and he should have been sentenced to five years for his felony-firearm conviction. We disagree.

We review questions of law, such as constitutional issues, de novo. *In re Contempt of Dudzinski*, 257 Mich App 96, 99; 667 NW2d 68 (2003)

---

[1] *People v Ginther*, 390 Mich 436, 442-444; 212 NW2d 922 (1973).

-4-

The felony-firearm statute has a graduated punishment scheme where subsequent convictions for felony-firearm require mandatory increases in sentencing. Specifically, relevant to the issue on appeal, MCL 750.227b(1) states:

> A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of [MCL 750.223, MCL 750.227, MCL 750.227a, or MCL 750.230], is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this subsection, the person shall be imprisoned for 10 years.

"Due process protections afforded defendants subject to such sentence enhancement provisions are less than those afforded defendants for the substantive offense, because the enhancement is not a separate element that must be proved beyond a reasonable doubt." *People v Miles*, 454 Mich 90, 100; 559 NW2d 299 (1997). Regarding an enhancement of a felony-firearm sentence, "due process is satisfied as long as the sentence is based on accurate information and the defendant has a reasonable opportunity at sentencing to challenge that information." *Id*.

In *Miles*, the PSIR failed to show defendant's prior felony-firearm convictions and the trial court sentenced defendant to the requisite two-year consecutive sentence. *Id*. at 92. However, once the trial court realized its mistake, it sua sponte and without a resentencing hearing enhanced defendant's sentence to reflect the correct five-year sentence. *Id*. Our Supreme Court affirmed the five-year sentence because it was harmless error as the defendant admitted the prior felony-firearm convictions. *Id*. This case is factually similar, and the dissimilarities only strengthen the prosecution's argument. In both cases, the defendant was not charged with the statutorily mandated enhancement. But unlike in *Miles*, defendant's PSIR in this case contained four felony-firearm convictions. Defendant agreed during sentencing that the PSIR was accurate, and defendant does not argue any inaccuracies on appeal. Additionally, defendant had actual knowledge that the prosecution was seeking the enhancement, as the plea offer stated on the record acknowledged that an enhancement would not be sought if he accepted the offer. Based on this record, the 10-year sentence for felony-firearm was proper.

Defendant appears to argue that he should only have a five-year sentence as required for a second felony-firearm conviction because his prior felony-firearm convictions were based on plea agreements that reduced the sentences to two-years (or the equivalent of first offense sentences). Defendant's contention belies the plain reading of MCL 750.227b(1). Defendant has four felony-firearm convictions. Therefore, his appropriate sentence is 10 years. See MCL 750.227b(1).

Affirmed.

/s/ Jane M. Beckering
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron