# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTJUAN EDWARD CRUMP,

        Defendant-Appellant.

UNPUBLISHED
December 14, 2017

No. 335332
Wayne Circuit Court
LC No. 15-007122-02-FC

Before: GLEICHER, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

This case arises from the shooting and death of Stacey Paul Smith on October 7, 2012, at approximately 9:15 p.m. in Inkster, Michigan. The incident involved defendant and two co-defendants: Rodney Leander Miller and Darnell Smith. Following a jury trial, defendant was convicted of possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to 30 to 90 months' imprisonment for his felon-in-possession conviction and two years' imprisonment for his felony-firearm conviction. Defendant appeals as of right. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

On appeal, defendant first argues that insufficient evidence existed to show that he possessed a firearm because inconsistencies existed in the witnesses' testimony at trial. We review de novo challenges to the sufficiency of the evidence. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). When reviewing a sufficiency claim, appellate courts view the evidence in a light most favorable to the prosecution to determine "whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). Circumstantial evidence and the reasonable inferences arising from that evidence can constitute satisfactory proof of a crime. *Solloway*, 316 Mich App at 180-181.

To establish a felon-in-possession charge, the prosecution must prove the following elements: (1) the defendant possessed a firearm, (2) the defendant was previously convicted of a

-1-

specified felony, and (3) fewer than five years had elapsed since the defendant paid all fines, served all terms of imprisonment, and completed all terms of probation or parole imposed for the offense. MCL 750.224f(2)(a); see also *People v Perkins*, 262 Mich App 267, 270-271; 686 NW2d 237 (2004), abrogated in part on other grounds by *People v Smith-Anthony*, 494 Mich 669, 682 (2013). To establish a felony-firearm charge, the prosecution must prove that a defendant "possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Bosca*, 310 Mich App 1, 22; 871 NW2d 307 (2015). "Possession of a firearm can be actual or constructive, joint or exclusive." *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). "[A] defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *Id.* (quotation marks and citation omitted). "Possession can be proved by circumstantial or direct evidence and is a factual question for the trier of fact." *Id.*

A rational trier of fact could have concluded that the prosecution proved beyond a reasonable doubt the elements of felon-in-possession and felony-firearm. On appeal, defendant has limited his dispute to whether sufficient evidence existed to prove that he possessed a firearm. Just before the shooting, defendant, Miller, and Darnell were all present at the home of Vyonna Smith. Vyonna testified that she saw defendant on the day of the incident with both a handgun and a rifle. Darnell testified that defendant had a .40 caliber handgun in his pocket and was carrying an AK-47 when they were first getting into a car to go to an apartment complex together, but that defendant eventually handed the AK-47 to Miller because it was too large for the front seat. Darnell testified that defendant had a weapon when he returned from the shooting. Miller testified that defendant had a .357 handgun when they first got into the car. Miller also testified that, when he and defendant got out of the car to go look for certain people with whom they had a dispute, defendant was carrying an AK-47. Miller confirmed that the People's Exhibit 76, which pictured an AK-47, was the firearm that defendant had in his possession. Therefore, a rational trier of fact could conclude that defendant actually possessed a firearm because multiple witnesses testified that they saw defendant holding a firearm.

Defendant argues that inconsistencies in the witnesses' testimony should cause this Court to find that defendant did not possess a firearm. However, this Court "will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Passage*, 277 Mich App 175, 177; 743 NW2d 746 (2007). As already discussed, multiple witnesses testified that defendant possessed a firearm. Although the witnesses' testimony was somewhat inconsistent regarding what type of firearm defendant possessed, there was no disagreement that defendant possessed a firearm. We will not interfere with the jury's determination regarding the credibility of the witnesses. See *id.* Also, the police later found defendant's coat near his wallet and a handgun magazine. The jury could infer from its location that the magazine belonged to defendant, which would further support that defendant possessed a firearm. Although not at issue on appeal, defendant's felony-firearm charge was predicated on "murder and/or felon in possession of a firearm."[1] Therefore, because sufficient evidence

---

[1] Felon-in-possession may serve as the predicate felony for a felony-firearm conviction. See MCL 750.227b; *People v Calloway*, 469 Mich 448, 452; 671 NW2d 733 (2003).

existed to allow the jury to conclude beyond a reasonable doubt that defendant possessed a firearm, and because defendant does not contest the remaining elements of the crimes, defendant has not shown that his convictions lacked sufficient evidentiary support at trial.

## II. INSTRUCTIONAL ERROR

Defendant next argues that his convictions should be reversed because, in response to a question posed by the jury, the trial court gave an instruction that was inconsistent with its earlier instructions. We disagree that any error occurred that would require reversal.

Before the court released the jurors to deliberate, it instructed the jury that defendant was charged with "first[-]degree premeditated murder; conspiracy to commit murder; felon in possession of a firearm; and felony[-]firearm." The court also instructed the jury that the prosecutor "must prove each element of the crimes beyond a reasonable doubt," and that the jury "must consider each crime separately[.]" During deliberations, the jury posed the following question: "[I]f we found the defendant not guilty for count one, first[-]degree murder, how would that affect count four [felony-firearm], number one; and three [felon-in-possession]?" After a several minute off-the-record discussion, the court instructed the jury as follows: "[A]s it relates to count four, it is applicable to first[-]degree premeditated murder, or felon in possession of a firearm." The court then excused the jury and engaged in the following discussion with counsel:

> *The Court*: Counsel, do you agree that the, the People, defense counsel, fashioned that answer, and by agreement, that answer was given to the jury?
>
> *Mr. Casey* [the prosecutor]: I'm satisfied with it.
>
> *Mr. Blake* [defense counsel]: Yes, Your Honor.
>
> *The Court*: All right. No objection to the same?
>
> *Mr. Blake*: None whatsoever.

This issue is waived because defense counsel expressly agreed to the instruction as given by the trial court. "Waiver has been defined as the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citation omitted). "If any rights are waived under a rule, appellate review of a claimed deprivation of those rights is foreclosed because the waiver has extinguished any error." *People v Adams*, 245 Mich App 226, 240; 627 NW2d 623 (2001). In *Carter*, 462 Mich at 215, our Supreme Court found that, because a defendant's counsel expressed satisfaction with the trial court's jury instructions, the defendant waived any error regarding the instructions on appeal. In this case, defense counsel agreed that he assisted in fashioning the trial court's response to the

-3-

jury. He also expressed affirmative satisfaction with the instruction as given. Any error, therefore, has been extinguished on appeal.[2]

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien

---

[2] We further note that, although defendant argues that the trial court's response "suggests that the two weapons charges should be considered in relation to the first-degree murder charge," this mischaracterizes the trial court's instruction. The trial court explained that, "as it relates to count four," either the murder charge or the felon-in-possession charge could serve as the predicate felony for purposes of the felony-firearm charge. The trial court's instruction accurately relayed the applicable law. See MCL 750.227b; *Calloway*, 469 Mich at 452.