PEOPLE v DILLARD

Docket No. 227148. Submitted January 10, 2001, at Detroit. Decided May 22, 2001, at 9:10 A.M. Leave to appeal sought.

Charles Dillard was charged in the Wayne Circuit Court with being a felon in possession of a firearm, carrying a concealed weapon, and possessing a firearm during the commission of a felony. The court, James R. Chylinski, J., granted the defendant's motion to dismiss the felony-firearm charge on the basis that charging him with that count in addition to charging him with the count of being a felon in possession of a firearm would violate his constitutional protections against double jeopardy. The prosecutor appealed by delayed leave granted.

The Court of Appeals *held*:

1. A double jeopardy challenge involves a question of law that the Court of Appeals reviews de novo. In the context of multiple punishments, both the state and federal Double Jeopardy Clauses seek to ensure that a defendant's total punishment will not exceed the scope of punishment provided by the Legislature. The Legislature's intent is the controlling factor in determining whether multiple punishments for the same offense may be imposed.

2. In enacting the felony-firearm provision, MCL 750.227b, the Legislature made it a felony for a person to possess a firearm during the commission or attempt to commit a felony other than four enumerated felonies. The clear intent of the Legislature in drafting the felony-firearm provision was to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than one of the four felonies explicitly enumerated in the felony-firearm provision. Because the felony of being a felon in possession of a firearm, MCL 750.224f, is not among those felonies specifically excluded from the operation of the felony-firearm provision, there is a clear expression that the Legislature intended to permit a defendant charged with being a felon in possession of a firearm to be properly charged with an additional felony-firearm count. That expression of the Legislature's intent is not vitiated by the fact that the statutory section making it a felony to be a felon in possession of a firearm was enacted after the 1990 amendment that expanded the list of the felonies that

were not subject to the felony-firearm provision, because it must be presumed that the Legislature would have amended the list of exclusions in the felony-firearm statute if it had intended to exclude the felony of being a felon in possession of a firearm from operation of the felony-firearm provision. Further, because the felony-firearm provision and the provision making it a felony to be a felon in possession of a firearm have distinct purposes that address different social norms, punishment under both provisions is permitted without violating the Double Jeopardy Clauses.

Reversed and remanded.

CRIMINAL LAW — DOUBLE JEOPARDY — FELONY-FIREARM — FELON IN POSSESSION OF FIREARM.

A prosecution for possession of a firearm during the commission of a felony does not violate the prohibitions against double jeopardy of the United States and Michigan Constitutions when the predicate felony is being a felon in possession of a firearm (US Const, Am V; Const 1963, art 1, § 15; MCL 750.224f, 750.227b).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Don W. Atkins*, Principal Attorney, Appeals.

Legal Aid & Defender Association (by *Debra A. Gutierrez*), for the defendant.

Before: ZAHRA, P.J., and SMOLENSKI and GAGE, JJ.

PER CURIAM. Defendant was charged with being a felon in possession of a firearm, MCL 750.224f, carrying a concealed weapon, MCL 750.227, and possessing a firearm during the commission of a felony, MCL 750.227b. The trial court granted defendant's motion to dismiss the felony-firearm charge on the basis that charging him with this count, in addition to the felon in possession charge, would violate defendant's con-

stitutional protections against double jeopardy.[1] The prosecutor appeals by delayed leave granted the trial court's dismissal of the felony-firearm count. We reverse and remand.

A double jeopardy challenge involves a question of law that this Court reviews de novo. *People v Kulpinski*, 243 Mich App 8, 12; 620 NW2d 537 (2000). Both the United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15. The Double Jeopardy Clauses safeguard against both successive prosecutions for the same offense and multiple punishments for the same offense. In the multiple punishment context, the clauses seek to ensure that the defendant's total punishment will not exceed the scope of punishment provided by the Legislature. *People v Whiteside*, 437 Mich 188, 200; 468 NW2d 504 (1991). The Legislature's intent constitutes the determining factor under both the federal and the Michigan Double Jeopardy Clauses. *People v Denio*, 454 Mich 691, 706; 564 NW2d 13 (1997). Thus, our analysis of this issue requires our consideration "whether there is a clear indication of legislative intent to impose multiple punishment for the same offense." *People v Mitchell*, 456 Mich 693, 696; 575 NW2d 283 (1998).

---

[1] After dismissal of the felony-firearm count, defendant pleaded guilty of the felon in possession and carrying a concealed weapon charges. See *People v Mayfield*, 221 Mich App 656, 662; 562 NW2d 272 (1997) (holding that conviction of both felon in possession of a firearm and carrying a concealed weapon did not violate double jeopardy). In return, the prosecutor dropped a second habitual offender enhancement she had filed. On April 6, 2000, defendant received a sentence of two years' probation. The three instant charges apparently arose when defendant, who in 1989 was convicted of assault with intent to murder, knowingly possessed a nine-millimeter gun inside a vehicle.

We must apply traditional rules of statutory construction to determine the intent of the Legislature. *Denio, supra* at 708. "Where 'a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct . . . , a court's task of statutory construction is at an end . . . .' " *Mitchell, supra* at 695, quoting *Missouri v Hunter,* 459 US 359, 368; 103 S Ct 673; 74 L Ed 2d 535 (1983).[2] We may not speculate concerning probable intent of the Legislature beyond the words expressed in a statute. *In re Schnell,* 214 Mich App 304, 310; 543 NW2d 11 (1995). When reasonable minds may differ concerning the meaning of a statute, the courts must assess the object of the statute and the harm it is designed to remedy and reach a reasonable construction that best accomplishes the purpose of the statute. *People v Adair,* 452 Mich 473, 479-480; 550 NW2d 505 (1996). For purposes of the Double Jeopardy Clause of the Michigan Constitution, legislative intent is determined by traditional means such as examining the subject, language, and history of the involved statutes. *Denio, supra* at 708.

In the present case, we need not look beyond the words of the felony-firearm statute to conclude that the Double Jeopardy Clauses of the United States and Michigan Constitutions are not violated. The felony-

---

[2] Federal courts reviewing double jeopardy issues that involve questions of multiple punishment generally apply the analysis set forth in *Blockburger v United States,* 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932), which investigates "whether each provision requires proof of an additional fact which the other does not." However, where, as here, the Legislature specifically authorizes cumulative punishment, the *Blockburger* test has no application. *Mitchell, supra* at 695.

firearm statute contains the following relevant language:

> (1) A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223, section 227, 227a or 230, is guilty of a felony, and shall be imprisoned for 2 years. . . .
>
> (2) A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony. [MCL 750.227b.]

From this statutory language, " 'it [is] clear that the Legislature intended, with only a few narrow exceptions, that every felony committed by a person possessing a firearm result in a felony-firearm conviction.' " *Mitchell, supra* at 697, quoting *People v Morton,* 423 Mich 650, 656; 377 NW2d 798 (1985). The Supreme Court in *Mitchell* concluded that the four exceptions specifically mentioned within subsection 227b(1) were exclusive and "that the Legislature's intent in drafting the felony-firearm statute was to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than those four explicitly enumerated in the felony-firearm statute." *Mitchell, supra* at 698. Because defendant's felon in possession charge unquestionably does not constitute one of the explicitly enumerated exceptions to the felony-firearm statute,[3] we conclude that the Legislature clearly

---

[3] The four exceptions are MCL 750.223 (prohibiting unlawful sale of firearms), MCL 750.227 (prohibiting carrying of a concealed weapon), MCL 750.227a (prohibiting unlawful possession of a firearm by a licen-

intended to permit a defendant charged with felon in possession to be properly charged with an additional felony-firearm count.

We reject defendant's suggestion that "there is no conclusive evidence that the Legislature intended to authorize multiple punishment" for both felon in possession of a firearm and felony-firearm because the felon in possession of a firearm statute was not enacted until after the Legislature had, in 1990, amended and expanded the list of exceptions to the felony-firearm statute. In enacting the felon in possession statute the Legislature presumably was aware of the four exceptions to the felony-firearm statute. *Walen v Dep't of Corrections*, 443 Mich 240, 248; 505 NW2d 519 (1993) ("It is a well-known principle that the Legislature is presumed to be aware of, and thus to have considered the effect on, all existing statutes when enacting new laws."); *People v Ramsdell*, 230 Mich App 386, 393; 585 NW2d 1 (1998). We conclude that had the Legislature wished to exclude the felon in possession charge as a basis for liability under the felony-firearm statute, the Legislature would have amended the felony-firearm statute to explicitly exclude the possibility of a conviction under the felony-firearm statute that was premised on MCL 750.224f.[4]

---

see), and MCL 750.230 (prohibiting alteration of identifying marks on a firearm).

[4] We also reject defendant's contention that *Mitchell, supra,* "is in clear contravention of the United States Supreme Court's decision in *Ball v United States,* 470 US 856; 105 S Ct 1668; 84 L Ed 2d 740 (1985)." In *Ball,* the United States Supreme Court held that a defendant charged with both receiving a firearm shipped in interstate commerce, 18 USC 922(h)(1) and 924(a), and possessing that same firearm, 18 USC App 1202(a)(1), could not be convicted of both crimes consistent with the Double Jeopardy Clause. The Court, applying the *Blockburger* test, examined the two

Our conclusion that double jeopardy protections are not offended in this case is also supported by consideration of the purposes of the statutes at issue. As noted in *People v Robideau*, 419 Mich 458, 487; 355 NW2d 592 (1984), "[s]tatutes prohibiting conduct that is violative of distinct social norms can generally be viewed as separate and amenable to permitting multiple punishments." The felon in possession statute, in relevant part, forbids the following:

(1) Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of 3 years after all of the following circumstances exist:

(a) The person has paid all fines imposed for the violation.

(b) The person has served all terms of imprisonment imposed for the violation.

(c) The person has successfully completed all conditions of probation or parole imposed for the violation. [MCL 750.224f.]

---

involved statutes and concluded that "it is clear that Congress did not intend to subject felons to two convictions; proof of illegal receipt of a firearm *necessarily* includes proof of illegal possession of that weapon." *Ball, supra* at 862. The Court concluded that "we are persuaded that Congress had no intention of creating duplicative punishment for one limited class of persons falling within the overlap between two Titles." *Id.* at 864. We note, however, that as it relates to multiple punishments, the constitutional protection against double jeopardy restrains only the prosecutor and the courts, not the Legislature. *Brown v Ohio*, 432 US 161; 97 S Ct 2221; 53 L Ed 2d 187 (1977). *Ball* involved two statutes distinct from those considered by the Michigan Supreme Court in *Mitchell*. Unlike *Ball*, *Mitchell* involved statutes, MCL 750.535b (receiving or concealing stolen firearms or ammunition) and MCL 750.227b, that the Legislature clearly intended to apply together "to provide for an additional felony charge and sentence." *Mitchell, supra* at 698.

As this Court has observed, the felon in possession statute focuses on the criminal status of a possessor of a firearm.

> The Legislature has made the determination that felons, who have exhibited their disregard for ordered society and pose a threat to public safety, and firearms are a lethal combination—at least for three to five years after a felon successfully completes his term of incarceration and probation and pays all requisite fines. . . . MCL 750.224f; MSA 28.421(6) has effectively achieved the legitimate legislative purpose of keeping guns out of the hands of those most likely to use them against the public. [*People v Swint*, 225 Mich App 353, 374; 572 NW2d 666 (1997).]

See also *People v Mayfield*, 221 Mich App 656, 662; 562 NW2d 272 (1997), in which this Court noted that the felon in possession statute aims to protect the public from guns in the hands of convicted felons.

The felony-firearm statute, however, focuses on the act of utilizing a firearm to facilitate the commission of a felony. *People v Sturgis*, 427 Mich 392, 408, 409; 397 NW2d 783 (1986) ("The conduct made punishable under the felony-firearm statute, is not the mere possession of a firearm. Rather, it is the possession of the firearm *during the commission of or attempt to commit a felony* that triggers a felony-firearm conviction.") (emphasis in original).

> The language employed by the Legislature in the felony-firearm statute . . . leaves no doubt that the Legislature intended to make the carrying of a weapon during a felony a separate crime and intended that cumulative penalties should be imposed. The Legislature has clearly expressed its judgment that carrying a firearm during any felony which may, but need not necessarily, involve the carrying of a firearm, entails a distinct social harm inimical to the public health, safety and welfare which deserves special treat-

ment. [*Wayne Co Prosecutor v Recorder's Court Judge*, 406 . Mich 374, 391; 280 NW2d 793 (1979).]

The Legislature intended the felony-firearm statute to reduce the possibility of injury to victims, passersby, and police officers posed by a criminal's utilization of a firearm and to deter the underlying felony itself. *People v Elowe*, 85 Mich App 744, 748-749; 272 NW2d 596 (1978). Because these two statutes have distinct purposes that address different social norms, they should be viewed as separate and amenable to permitting multiple punishments.

We reverse the trial court's dismissal of the felony-firearm charge and remand this case for further proceedings consistent with this opinion.[5] We do not retain jurisdiction.

---

[5] We further note for the parties' and the court's consideration on remand that (1) convictions of both felon in possession and carrying a concealed weapon do not violate double jeopardy, *Mayfield, supra* at 662, and (2) convictions of both carrying a concealed weapon and felony-firearm do not violate double jeopardy when the felony-firearm conviction is based on a felony distinct from carrying a concealed weapon, *People v Peyton*, 167 Mich App 230, 234-235; 421 NW2d 643 (1988), citing *Sturgis, supra* at 405-406.