# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ARTHUR SHIMUEL CLEMONS,

Defendant-Appellant.

UNPUBLISHED
April 16, 2015

No. 319997
Wayne Circuit Court
LC No. 13-005655-FH

Before: HOEKSTRA, P.J., and MARKEY and DONOFRIO, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of carrying a concealed weapon (CCW), MCL 750.227, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony, third offense (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 32 days for the CCW and felon-in-possession convictions, and 10 years' imprisonment for the felony-firearm conviction. We affirm.

Defendant's sole argument on appeal is that his conviction for felony-firearm must be vacated because, in enacting the felony-firearm statute, the Legislature did not intend for a firearm-possession crime to be used as the predicate felony for a felony-firearm conviction. Noting both *People v Calloway*, 469 Mich 448; 671 NW2d 733 (2003), and *People v Dillard*, 246 Mich App 163; 631 NW2d 755 (2001), defendant acknowledges that this Court and the Michigan Supreme Court previously have construed the felony-firearm statute by interpreting its underlying legislative intent. However, defendant asserts that this Court should now either ignore such decisions or hold that they were wrongly decided.

Generally, issues of statutory construction are questions of law that we review de novo. *People v Dowdy*, 489 Mich 373, 379; 802 NW2d 239 (2011). But because defendant never raised the issue at the trial court, our review of this unpreserved issue is for plain error affecting defendant's substantial rights. *People v Hill*, 257 Mich App 126, 144; 667 NW2d 78 (2003), citing *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

When interpreting statutes, the goal is "to ascertain and give effect to the intent of the Legislature." *People v Koonce*, 466 Mich 515, 518; 648 NW2d 153 (2004). "The intent of the Legislature is expressed in the statute's plain language. When the statutory language is plain and unambiguous, the Legislature's intent is clearly expressed, and judicial construction is neither

-1-

permitted nor required." *People v Costner*, ___ Mich App ___; ___ NW2d ___ (Docket No. 316806, issued February 19, 2015), slip op, p 2 (quotations and citations omitted).

At issue is Michigan's felony-firearm statute, MCL 750.227b(1), which provides as follows:

> A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223,[1] section 227,[2] 227a[3] or 230,[4] is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this subsection, the person shall be imprisoned for 10 years.

Defendant raises the same argument on appeal that already has been rejected by our Supreme Court. Defendant claims that the Legislature did not intend for a possession offense to serve as a predicate felony for a felony-firearm charge. But, in *People v Mitchell*, 456 Mich 693, 696-698; 575 NW2d 283 (1998), the Supreme Court held otherwise. The *Mitchell* Court explained that the list of the four exceptions in the felony-firearm statute is *exclusive*, and it is erroneous to "read[] in an exception that was not included in the statute by the Legislature." *Id.* at 697-698. Thus, because the felon-in-possession statute, MCL 750.224f, is not one of the four excepted felonies under the felony-firearm statute, felon-in-possession may be used as the predicate felony for a felony-firearm conviction, *Calloway*, 469 Mich at 452; *Dillard*, 246 Mich App at 167-168, and defendant's conviction was legal.

Defendant nevertheless contends that this Court is not bound to follow cases such as *Mitchell*, *Calloway*, or *Dillard* because those cases involved double-jeopardy challenges. However, defendant's argument is not persuasive. While these cases addressed challenges based on double-jeopardy theories, the salient analysis in all of them was in regard to what felonies the Legislature intended to exempt from constituting the underlying felony in a felony-firearm crime, see *Calloway*, 469 Mich at 451; *Mitchell*, 456 Mich at 696; *Dillard*, 246 Mich App at 165 (all three cases stating that question is whether the Legislature intended to authorize multiple punishments, i.e., convictions, for a single act of possession), which is precisely the issue before this Court. The legal analysis is the same whether the issue is presented as (1) determining if the Legislature intended to include possession crimes as a predicate felony to felony-firearm or (2) determining if the Legislature intended to impose multiple punishments for the same act of illegally possessing a firearm, as they are synonymous. Indeed, defendant's argument fails to recognize that under both the court rules and the doctrine of stare decisis, this Court is bound to follow these cases, which are directly on point here. See MCR 7.215(C)(2); *W A Foote Mem*

---

[1] Selling firearms or ammunition unlawfully, MCL 750.223.

[2] Carrying a concealed weapon, MCL 750.227.

[3] Unlawful possession of a pistol by a licensee, MCL 750.227a.

[4] Altering or removing identifying marks on firearms, MCL 750.230.

*Hosp v City of Jackson*, 262 Mich App 333, 341; 686 NW2d 9 (2004) ("The rule of stare decisis generally requires courts to reach the same result when presented with the same or substantially similar issues in another case with different parties.").

Furthermore, even if defendant were correct that this Court need not follow *Mitchell*, *Calloway*, or *Dillard*, defendant's argument still is unpersuasive. Defendant argues that, had the felon-in-possession law existed when the felony-firearm statute was enacted in 1976,[5] the Legislature *likely* would have excluded felon-in-possession as a predicate felony for felony-firearm. Such guesswork or conjecture is prohibited because the Legislature's intent is best derived from the text of the statute. *SMK, LLC v Dep't of Treasury*, 298 Mich App 302, 309; 826 NW2d 186 (2012). In the felony-firearm statute, there is no ambiguity on which felonies are exempted from qualifying as predicate felonies for felony-firearm, and felon-in-possession is not amongst those listed. Thus, no further judicial construction is permitted. *Costner*, slip op at 2. As this Court has already noted, the Legislature in 1992 is presumed to have been aware of the then-existing four exceptions to the felony-firearm statute. *Dillard*, 246 Mich App at 168. Consequently, "had the Legislature wished to exclude the felon in possession charge as a basis for liability under the felony-firearm statute, the Legislature would have amended the felony-firearm statute [in 1992 when it created the felon-in-possession statute or anytime thereafter] to explicitly exclude the possibility of a conviction under the felony-firearm statute." *Id.*

Therefore, because the plain language of the statute does not support defendant's position, he has not established any plain error, and his claim necessarily fails.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Jane E. Markey
/s/ Pat M. Donofrio

---

[5] MCL 750.224f's felon-in-possession statute was enacted afterward in 1992. 1992 PA 217.