# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 23, 2017

Plaintiff-Appellee,

v

No. 330105
Genesee Circuit Court

DONJUAN EDRICK ANDERSON,

LC No. 15-036710-FH

Defendant-Appellant.

Before: HOEKSTRA, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by leave granted his convictions of felon in possession of a firearm (felon-in-possession), MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). Because the evidence was sufficient to support defendant's convictions, we affirm.

According to the evidence introduced at trial, several police officers, including Officer Shaun Morey, responded to a disturbance call involving the possibility of a man with a gun at defendant's home. When Morey arrived at the house, he saw four to five people standing in the driveway, including defendant. While most of these individuals "froze" upon seeing police, defendant immediately started walking towards the door of the house. Morey stopped defendant from entering the house, at which time defendant told Morey that he had just been inside and that he had nothing to do with what was going on outside. Defendant also told Officer Morey that there were two young, unattended children in the house. Although police did not find any weapons outside, police found spent shell casings on the ground.

Wanting to ensure that there were no threats inside the house, Morey shined his flashlight through the screen side door. He immediately saw a handgun sitting on a kitchen table. The officers entered the home to make sure that the unattended children could not access the gun. The officers then found three handguns sitting openly on the kitchen table. Morey did not see anyone enter or exit the house from the time he arrived on scene to the time he entered the house.

At trial, defendant testified that, on the day in question, he and his young nephews were alone in the house while defendant washed dishes. Defendant's brother was outside with a group of people, and defendant went outside to get a cigarette. Before he did so, he locked the front door of the house and exited through the side door, passing by the table on his way out. According to defendant, there were no guns on the table and he had no knowledge of any guns in

-1-

the house. However, defendant testified that he told police: "please do not enter my home." At trial, defendant stated that he asked police not to enter because he knew he was a felon who could not be around guns. Defendant feared that police would "conveniently" find contraband.

On appeal, defendant argues that the prosecution failed to present sufficient evidence to sustain his convictions of felon-in-possession and felony firearm. In particular, defendant contends that the evidence presented does not establish that defendant had possession of the guns. Defendant argues that there is no evidence that he had actual, physical possession of the weapons, that anyone at the scene could have placed the guns on the table, and that the mere presence of the guns in the home does not demonstrate constructive possession.

This Court reviews challenges to the sufficiency of evidence de novo. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). "We examine the evidence in a light most favorable to the prosecution, resolving all evidentiary conflicts in its favor, and determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond reasonable doubt." *People v Ericksen*, 288 Mich App 192, 196; 793 NW2d 120 (2010). "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005). In reviewing the sufficiency of the evidence, we "draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Cameron*, 291 Mich App 599, 613; 806 NW2d 371 (2011) (citation omitted).

To establish the elements of felon-in-possession, the prosecution must prove that "(1) the defendant is a felon who possessed a firearm (2) before his right to do so was formally restored under MCL 28.424." *People v Bass*, __ Mich App __, __; __ NW2d __ (2016) (No. 327358); slip op at 13. See MCL 750.224f. The elements of felony-firearm are that the (1) defendant possessed a firearm, (2) during the commission or attempted commission of any felony. *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). See MCL 750.227b. Felon-in-possession may constitute the underlying felony for felony-firearm. See *People v Dillard*, 246 Mich App 163, 168-169; 631 NW2d 755 (2001).

In this case, defendant stipulated at trial that he had a prior specified felony that prevented him from owning or possessing a firearm. The only disputed issue is whether defendant had possession of the firearms in question. In this regard, possession may be actual or constructive; it may also be joint or exclusive. *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). "[A] person has constructive possession if there is proximity to the article together with indicia of control." *Id.* (citation omitted). In other words, a person has constructive possession of a firearm if (1) the person knows the location of the firearm, and (2) the person can reasonably access the firearm. *Id*. Possession is a question of fact for the jury. *People v Strickland*, 293 Mich App 393, 400; 810 NW2d 660 (2011).

Viewed in a light most favorable to the prosecution, a rational jury could find that defendant had constructive possession of the firearms. The police found the firearms sitting openly on a table in defendant's home. The evidence also showed that, just before police arrived, defendant was alone in the kitchen and that he walked past the table before going outside. The record further supports that defendant tried to reenter the house when police arrived. Defendant then asked police not to enter the house, and he admitted at trial that he made

this request because he was a felon and he could not be around guns. Based on this evidence, a rational jury could conclude that defendant knew the location of the firearms and that he had reasonable access to them. Therefore, there was sufficient evidence to reasonably conclude that defendant was a felon in possession of a firearm in violation of MCL 750.224f.

Given that there was sufficient evidence to establish defendant's constructive possession of the firearms and to support a felony conviction for felon-in-possession, it also follows that the prosecutor presented sufficient evidence to establish that defendant possessed a firearm during the commission of a felony. See MCL 750.227b(1). Overall, viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence on the record to support defendant's convictions for felon-in-possession and felony-firearm.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Henry William Saad
/s/ Michael J. Riordan

-3-