# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TERELL MANDEL ASHFORD,

        Defendant-Appellant.

UNPUBLISHED
January 4, 2018

No.  334616
St. Clair Circuit Court
LC No.  15-002955-FH
           15-002956-FH
           15-002981-FH

Before:  CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Defendant appeals his jury trial convictions of two counts of second-degree home invasion, MCL 750.110a(3), one count of first-degree home invasion, MCL 750.110a(2), two counts of felon in possession of a firearm (felon-in-possesion), MCL 750.224f, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.  The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to serve concurrent prison terms of 5 to 40 years for each of the second-degree home invasion convictions, 15 to 40 years for the first-degree home invasion conviction, 29 months to 5 years for one felon-in-possession conviction, 20 months to 40 years for the other felon-in-possession conviction, and consecutive sentences of two years for each of the felony-firearm convictions.  We affirm.

Defendant's convictions are the result of his participation in the robbery of three homes with Dion Kruse on November 10, 2015, and his possession of a firearm in the early morning hours of November 11, 2015, when he and Kruse were detained near a gas station they were planning to rob.  Defendant argues on appeal that his counsel provided ineffective assistance by failing to object to evidence that defendant had a previous felony conviction of larceny from a person, that the trial court erred in instructing the jury regarding his first-degree home invasion charge, that defendant's convictions for both felony-firearm and felon-in-possession violated his constitutional double jeopardy protections, and that the prosecutor committed misconduct by allowing a witness to provide false testimony.  We disagree.

## I.  INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that defense counsel provided ineffective assistance by failing to object to the introduction of defendant's prior conviction of larceny from a person.  We disagree.

-1-

Defendant's ineffective assistance of counsel claim is unpreserved because he failed to move for a new trial or a *Ginther*[1] hearing below. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). Unpreserved claims of ineffective assistance of counsel are limited to review for errors apparent on the record. *People v Unger* (*On Remand*), 278 Mich App 210, 253; 749 NW2d 272 (2008). "A claim of ineffective assistance of counsel is a mixed question of law and fact." *Petri*, 279 Mich App at 410. "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id*.

A defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. This "right to counsel encompasses the right to the effective assistance of counsel." *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). In order to demonstrate an ineffective assistance of counsel claim, a defendant must show (1) "that counsel's performance was deficient" and (2) "that counsel's deficient performance prejudiced the defense." *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). The "effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). Defendant must also show that the resultant proceedings were fundamentally unfair or unreliable. *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). The right to effective assistance of counsel is substantive and focuses on "the actual assistance received." *People v Pubrat*, 451 Mich 589, 596; 548 NW2d 595 (1996). A counsel's performance is deficient if "it fell below an objective standard of professional reasonableness." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

Defendant first claims that defense counsel's failure to object to the introduction of defendant's specific conviction—especially after defendant offered to stipulate that he had previously been convicted of a felony—constituted deficient performance under the first prong of the test. In order to convict defendant of felon-in-possession, the prosecution was required to prove defendant's status as a convicted felon. *People v Tice*, 220 Mich App 47, 53-54; 558 NW2d 245 (1996). The introduction of the prior conviction proved that defendant had previously been convicted of a felony and was ineligible to carry a firearm.

After the jury was selected and prior to calling the first witness, defendant informed the trial court that he would be stipulating to a prior felony conviction for purposes of the felon-in-possession charge. On the second day of trial, the prosecutor introduced a judgment of sentence, without objection, which listed defendant's 2009 guilty plea of larceny from a person. The judgment of sentence was published to the jury. Later, on cross-examination, defendant testified that he could not possess a firearm because he had been convicted of larceny from a person.

We have long held that a trial court abuses its discretion by refusing to accept a defendant's offer to stipulate to a felony conviction for purposes of proving the element of another charge. See *People v Swint*, 225 Mich App 353, 379; 572 NW2d 666 (1997) ("[W]e find that the trial court abused its discretion by refusing to accept defendant's stipulation."). In *Swint*,

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

this Court found that a trial court abused its discretion in denying defendant's offer to stipulate that he had previously been convicted of assault with a dangerous weapon in order to establish the necessary element for felon-in-possession. *Id.* Thus, defendant argues that, because a trial court must accept such a stipulation when offered, defense counsel is deficient if he fails to offer the stipulation or to object to the introduction of the prior conviction. Our decision in *Swint* is factually distinguishable in that the trial court in that case wrongfully refused to accept the defendant's stipulation to a prior felony.

There are instances in which a defendant's counsel may very well wish to introduce the specific felony for strategic reasons. Plaintiff argues that it may have been trial strategy to allow the admission of defendant's larceny conviction because he did not want the jury to speculate about the nature of defendant's previous conviction or have highlighted the conviction by objecting. Defense counsel's decisions are presumed to be sound trial strategy, *Taylor*, 275 Mich App at 186, and a reviewing court is not to substitute its judgment of trial strategy with the benefit of hindsight. *People v Matuszak,* 263 Mich App 42, 58; 687 NW2d 342 (2004). However, we find it unlikely that defense counsel would have offered the stipulation before trial if his strategy was to allow the admission of evidence that defendant had previously committed larceny, a crime in the same category as the charged offenses.

Nonetheless, defendant has not shown he was prejudiced. Counsel's performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, "the result of the proceeding would have been different." *Jordan*, 275 Mich App at 667. Additionally, we ultimately found in *Swint* that, even though the trial court abused its discretion in admitting evidence of the previous felony, the preserved "error was harmless in light of the overwhelming evidence presented at trial." *Swint*, 225 Mich App at 379. In this case, there was extensive evidence of defendant's guilt, and defendant has not demonstrated that there would have been a different result if counsel prevented the introduction of the specific felony conviction.

Defendant's accomplice, Dion Kruse, described defendant's involvement in the crimes, which included extensive planning and preparation. Kruse claimed that defendant provided the vehicle used to effectuate the break ins, took pictures of the homes to rob, broke into the homes, stole various items in the houses, and later sold some of the items. The State Police Crime Laboratory determined that a footwear impression from one of the burglarized homes matched defendant's shoes with 100 percent certainty. Additionally, a detective found several photos on defendant's phone of the homes that were burglarized. Defendant's fiancée testified that defendant had permission to use her vehicle, which was identified as the same vehicle defendant used while committing the crimes. Further, when defendant was arrested, he was carrying a firearm that was listed as stolen earlier in the day from one of the homeowners.

Additionally, the victims testified that the crimes occurred around the same time and identified most of the stolen items. An officer conducting surveillance outside of defendant's residence observed a black vehicle in the driveway while two individuals placed items into the trunk. The police later recovered a forward leaning television and videogame console from the vehicle, which one of the victims identified as having been stolen from the home. Other items found in the vehicle were identified and claimed by the other victims. Given the amount of

evidence against defendant, it is unreasonable to conclude that the result of the trial would have been different if the jury did not know the specific nature of defendant's previous conviction.

## II. STANDARD 4 BRIEF

In a supplemental brief filed, *in propria persona*, pursuant to Supreme Court Administrative Order No. 2004–6, Standard 4, defendant raises issues regarding the jury instructions, double jeopardy, and prosecutorial misconduct.

## A. JURY INSTRUCTIONS

Defendant first argues that the trial court erred in instructing the jury regarding the elements of first-degree home invasion. We disagree.

This unpreserved claim is reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, and 3) the plain error affected substantial rights." *Id*. at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. Reversal is warranted only if the plain error resulted in the conviction of an innocent defendant or if the "error seriously affected the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (citation and internal quotations omitted.)

A defendant has the right to "a properly instructed jury." *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995). "The trial court is required to instruct the jury concerning the law applicable to the case and fully and fairly present the case to the jury in an understandable manner." *Id*. "Jury instructions must include all elements of the charged offenses" and cannot exclude "material issues, defenses, or theories" where there is supporting evidence. *People v McKinney*, 258 Mich App 157, 162-163; 670 NW2d 254 (2003). However, defense counsel explicitly agreed with the trial court's instructions by informing the trial court that he had no objection to the instructions, thus waiving this issue for appeal. A counsel's statement of "no objection" is for all intents and purposes indistinguishable from declaring, "I approve," and constitutes a waiver of objection. *People v Kowalski*, 489 Mich 488, 504-505; 803 NW2d 200 (2011). "A defendant may not waive objection to an issue before the trial court and then raise it as an error on appeal." *People v Carter*, 462 Mich 206, 214; 612 NW2d 144 (2000) (citation omitted). Even if this argument was not waived, it is unavailing.

The elements of first-degree home invasion are as follows:

(1) the defendant either breaks and enters a dwelling or enters a dwelling without permission; (2) the defendant either intends when entering to commit a felony, larceny, or assault in the dwelling or at any time while entering, present in, or exiting the dwelling actually commits a felony, larceny, or assault; and (3) while the defendant is entering, present in, or exiting the dwelling, either (a) the defendant is armed with a dangerous weapon, or (b) another person is lawfully present in the dwelling. [MCL 750.110a(2); *People v Bush*, 315 Mich App 237, 244; 890 NW2d 370 (2016).]

The trial court's instructions omitted only the element that, "another person is lawfully present in the dwelling." This instruction was not supported by the evidence because there was no testimony that anyone was present in any of the homes that were robbed. There must be evidence to support jury instructions about the "elements of the charged offenses." *McKinney*, 258 Mich App at 162-163. In this case, the evidence supported, and the trial court instructed on, the first alternative instruction for the third element of home invasion—that defendant "was armed with a dangerous weapon." There is no error where the instructions "fairly presented the issues to be tried and sufficiently protected the defendant's rights." *People v McFall*, 224 Mich App 403, 412-413; 569 NW2d 828 (1997).

## B. DOUBLE JEOPARDY

Next, defendant argues that his sentences for both felon-in-possession and felony-firearm were punishments for the same crime in violation of his constitutional double jeopardy rights. We disagree.

We review this unpreserved constitutional claim for plain error. *Carines*, 460 Mich at 763. The Fifth Amendment of the United States Constitution and the Michigan Constitution protects a criminal defendant from being "subject for the same offence to be twice put in jeopardy . . . ." US Const Amend V; Const 1963, art 1, § 15. The prohibition against double jeopardy provides three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004).

In this case, defendant argues that he was twice punished for the same offense when he was sentenced for both felony-firearm and felon-in-possession. In *People v Dillard*, 246 Mich App 163, 165-171; 631 NW2d 755 (2001), this Court examined "whether there is a clear indication of legislative intent to impose multiple punishment for the same offense" by examining the language of the felony-firearm statute, MCL 750.227b, in consideration of the defendant's felon-in-possession conviction. This Court determined that the clear intent of the Legislature was that, with only four narrow exceptions, "every felony committed by a person possessing a firearm result in a felony-firearm conviction." *Id*. at 167, citing *People v Mitchell*, 456 Mich 693, 697; 575 NW2d 283 (1998), quoting *People v Morton*, 423 Mich 650, 656; 377 NW2d 798 (1985). We noted that the Supreme Court concluded in *Mitchell* that the four exceptions explicitly stated in MCL 750.227b(1) were exclusive and "that the Legislature's intent in drafting the felony-firearm statute was to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than those four explicitly enumerated in the felony-firearm statute."[2] *Dillard*, 246 Mich App at 167, quoting *Mitchell*, 456 Mich at 698.

---

[2] The four exceptions are MCL 750.223 (prohibiting unlawful sale of firearms), MCL 750.227 (prohibiting carrying of a concealed weapon), MCL 750.227a (prohibiting unlawful possession

In *Dillard*, this Court concluded that a felon-in-possession charge does not constitute one of the specific exceptions to the felony-firearm statute; thus, "the Legislature clearly intended to permit a defendant charged with felon in possession to be properly charged with an additional felony-firearm count." *Dillard*, 246 Mich App at 167-168. Where "a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the same conduct, . . . a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Mitchell*, 456 Mich at 695, citing *Missouri v Hunter*, 459 US 359, 368; 103 S Ct 673; 74 L Ed 2d 535 (1983). Therefore, there is no double jeopardy violation in defendant receiving separate punishments for felon-in-possession and felony-firearm stemming from the same criminal transaction.

## C. PROSECUTORIAL MISCONDUCT

Finally, defendant argues that the prosecutor committed misconduct by presenting the false testimony of Kruse. We disagree.

Defendant did not argue in the trial court that the prosecutor's actions of presenting false testimony constituted misconduct. "Appellate review of allegedly improper conduct is precluded if the defendant fails to timely and specifically object, unless an objection could not have cured the error or a failure to review the issue would result in a miscarriage of justice." *People v Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002). If there is no objection and request for a curative instruction, review is limited to determining whether there was plain error that affected substantial rights. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008).

"A State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction." *People v Smith*, 498 Mich 466, 475-476; 870 NW2d 299 (2015), quoting *Napue v Illinois*, 360 US 264, 269; 79 S Ct 1173; 3 L Ed 2d 1217 (1959). Prosecutors have a constitutional obligation to report when a government witness lies under oath because the Due Process Clause of the Fourteenth Amendment[3] guarantees that "criminal prosecutions must comport with prevailing notions of fundamental fairness." *People v Herndon*, 246 Mich App 371, 417; 633 NW2d 376 (2001) (citation omitted). A prosecutor has a duty to correct false evidence, and Michigan courts recognize that "the prosecutor may not knowingly use false testimony to obtain a conviction." *Id.*

Defendant does not offer any specific instance of Kruse's testimony that he believes was false. Instead, defendant's argument is generally that Kruse was not credible. However, it is the role of the jury to determine the credibility of witnesses. *People v Dunigan*, 299 Mich App 579,

---

of a firearm by a licensee), and MCL 750.230 (prohibiting alteration of identifying marks on a firearm). *Dillard*, 246 Mich App at 167 n 3.

[3] US Const Am XIV.

582; 831 NW2d 243 (2013), citing *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Defendant has failed to support his claim that Kruse made false statements during the trial with facts, and "defendant necessarily bears the burden of establishing the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defendant also claims that his trial counsel provided ineffective assistance by failing to object to the prosecutorial misconduct, i.e., presenting the false testimony of Kruse. A counsel's performance is deficient if it fell below an objective standard of professional reasonableness. *Jordan*, 275 Mich App at 667. In this case, defendant had not identified any specific false statement by Kruse that the prosecutor presented and to which his counsel could have objected. Counsel was not ineffective for failing to make a futile objection. *In re Archer*, 277 Mich App 71, 84; 744 NW2d 1 (2007). Defense counsel questioned Kruse extensively about the favorability of his plea deal, presented a defense witness who claimed that Kruse said he would do anything to protect himself, and extensively attacked Kruse's credibility during closing argument, claiming Kruse lied to the police to protect himself. Defendant was not denied the effective assistance of counsel.

Affirmed.

/s/ Thomas C. Cameron
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher

-7-