*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 20, 2020

Plaintiff-Appellee,

v

No. 348123
Calhoun Circuit Court
LC No. 2017-002351-FH

ROBERT DORIAN SANGO,

Defendant-Appellant.

Before: GADOLA, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his convictions following a jury trial of being a felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 48 months to life imprisonment for felon-in-possession, and 2 years' imprisonment for felony-firearm. Defendant appeals, arguing that the trial court erred when it refused his request for appointment of new counsel, or in the alternative by not allowing him to represent himself; that there was insufficient evidence to sustain his convictions; and that his sentence was unreasonable and disproportionate. For the reasons set forth in this opinion, we vacate defendant's convictions and remand this matter for a new trial.

## I. BACKGROUND

This case arises out of defendant, a prior convicted felon, having been seen with a gun, and having sent text messages and photo messages from his phone to his ex-girlfriend that showed he had multiple firearms. The ex-girlfriend showed the messages to law enforcement. Detectives obtained a search warrant for defendant's home and located a green gun box that appeared to be the same green gun box from one of the text message photos as well as what appeared to be a black suppressor on top of a pile of clothing that was similar to the one in the photo messages. Under the stairs, detectives also found a revolver and two handgun magazines belonging to a semiautomatic gun, one of which was similar to the magazine in the photo messages.

At trial, during his counsel's questioning of the ex-girlfriend, defendant indicated that he needed to put something on the record. The court excused the jury. Defendant stated that his

counsel was not asking questions of the ex-girlfriend concerning the fabrication of false voicemail messages. Defense counsel agreed, stating that the questions were not for this witness and that the information defendant was refuting could be established by one of the detectives. Counsel believed however that defendant had the right to represent himself, if he chose to do so. Defendant requested a new attorney but was denied by the court for the reasons that defendant's request was untimely and defense counsel had done nothing that would indicate to the court the need for a new attorney. Defendant then requested to proceed in propria persona; that request was also denied for the reason that it was untimely.

Defendant moved the trial court for substitute counsel a second time at sentencing; the trial court granted that motion. The court denied defendant's motion for a new trial based on ineffective assistance of trial counsel.

## II. SUBSTITUTION OF COUNSEL AND SELF-REPRESENTATION

Defendant first argues that the trial court abused its discretion when it denied his midtrial request for appointment of new counsel, or in the alternative by not allowing him to represent himself. We agree.

### A. SELF-REPRESENTATION

"The right of self-representation under Michigan Law is secured by both Constitution and statute." *People v Anderson*, 398 Mich 361, 366; 247 NW2d 857 (1976). The right to self-representation in a criminal proceeding is guaranteed implicitly by the United States Constitution, US Const, Am VI, and it is explicitly guaranteed by the Michigan constitution, Const 1963, art 1, § 13, and by statute, MCL 763.1. *Id*. However, the right is not absolute. *Id*. For a defendant's request to proceed in propria persona to be granted, three requirements must be met: (1) the request must be unequivocal; (2) once the defendant has unequivocally declared his desire, the trial court must determine whether the defendant is asserting the right knowingly, intelligently, and voluntarily; and (3) the trial court must determine that, while proceeding in propria persona, defendant will not disrupt, unduly inconvenience, or burden the court and the administration of its business. 398 Mich at 367-368. A defendant " 'has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so.' " *Martinez v Court of Appeal of California, Fourth Appellate Dist*, 528 US 152, 154; 120 S Ct 684; 145 L Ed 2d 597 (2000), quoting *Faretta v California*, 422 US 806, 807; 95 S Ct 2525; 45 L Ed 2d 562 (1975). "*Faretta* concluded that '[u]nless the accused has acquiesced in [representation through counsel], the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not *his* defense.' " *McKaskle v Wiggins*, 465 US 168, 173-174; 104 S Ct 944; 79 L Ed 2d 122 (1984) quoting *Faretta*, 422 US at 821. "Since *Faretta*, the consensus that has emerged from state and federal appellate courts is that a request for self-representation can only be denied for three reasons: (1) if it is untimely, ordinarily if made after trial has begun, (2) if there is sufficient certainty of serious obstructionist misconduct, or (3) if no valid waiver can be accomplished." *People v Richards*, 315 Mich App 564, 575; 891 NW2d 911 (2016), rev'd in part on other grounds, app den in part 501 Mich 921; 903 NW2d 555 (2017).

In this case, defendant made an unequivocal request to proceed in propria persona after voir dire had been completed, a jury selected, and in the middle of his counsel's examination of

the prosecution's first witness. The court denied defendant's request and stated, "You may not represent yourself. That motion also is not timely made. If you wanted to represent yourself in this case you had months to make that request." The court made no determination as to whether the defendant was asserting his right to self-representation knowingly, intelligently, and voluntarily; nor whether defendant proceeding in propria persona would disrupt, unduly inconvenience, or burden the court and the administration of its business.

From this record we can only conclude that the court's decision was based on timing. The court implied that the defendant was dilatory in making the request. However, as defendant explained at trial, the circumstances that gave rise to his request to represent himself did not arise until his counsel refused to ask the ex-girlfriend questions which defendant thought he and his counsel agreed would be asked. Defendant explained the significance of the evidence sought to be elicited to his defense and while the court agreed in part, it also stated that it would not tell defense counsel "how to run his case." The court explicitly determined that the request was itself untimely, apparently referring to the fact that trial had already commenced. In *Richards*, this Court found that a court had no duty to follow the *Anderson* procedure where a request for self-representation was not timely. *Richards*, 315 Mich App 564. However, in *Richards* the Court acknowledged that there was no "bright-line" rule as to when a request was untimely.

> "The people would have us announce a guideline which would preclude the assertion of the right to proceed without counsel if it is not made before the trial begins. We cannot accede to this request. Although the potential for delay and inconvenience to the court may be greater if the request is made during trial, that will not invariably be the case. [*People v. Anderson*, 398 Mich. 361, 368, 247 N.W.2d 857 (1976).]" *Richards*, 315 Mich App at 579.

Thus, the commencement of trial alone cannot be the basis of an untimeliness determination. Unlike the defendant in *Anderson*, this record does not reflect a defendant who had numerous substitutions of counsel, rejected offers to represent himself and myriad pre-trial motions. In this case, the defendant's request for self-representation did not include a request for an adjournment. The trial court did not cite any previous delays, indicate how the timing placed an additional burden on the prosecution, witnesses or the jury, nor note if any delay in proceedings would have been occasioned by self-representation. Accepting the fact that the *Anderson* inquiry is not required if a request is untimely, the court still has the responsibility of articulating why any particular request is untimely. This record is devoid of such articulation.

Accordingly, we conclude that the trial court committed reversible error when it neither engaged in the *Anderson* process nor made any finding of fact on the factors outlined in *Anderson*. See *Anderson*, 398 Mich at 368.

## B. SUBSTITUTION OF COUNSEL

"A trial court's decision regarding substitution of counsel will not be disturbed absent an abuse of discretion. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660, 662 (2011). Similarly, this Court "review[s] a trial court's decision on a defendant's request

to represent himself for an abuse of discretion." *People v Ahumada*, 222 Mich App 612, 617; 564 NW2d 188 (1997)

Defendant contends that the trial court abused its discretion by not granting his request for a new attorney. "When a defendant asserts that the defendant's assigned attorney is not adequate or diligent, or is disinterested, the trial court should hear the defendant's claim and, if there is a factual dispute, take testimony and state its findings and conclusion on the record." *Strickland*, 293 Mich App at 397. In *Strickland*, this Court held:

> An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic. [*Id*.]

What constitutes good cause for substitution of counsel depends on the facts and circumstances of each case. *People v Buie*, 298 Mich App 50, 66-70; 825 NW2d 361 (2012). "[A] defendant's general unhappiness with counsel's representation is insufficient." 293 Mich App at 398. In *Buie*, this Court said that although defendant and defense counsel did not have a completely amicable relationship, the trial court did not abuse its discretion when it did not appoint substitute counsel because the record did not show that defense counsel was in fact inattentive to defendant's responsibilities or was disinterested. See 298 Mich App at 66-70. The *Buie* Court referred to *People v Meyers*, 124 Mich App 148; 335 NW2d 189 (1983), in which this Court denied the defendant's request for substitute trial counsel, holding that the defendant "did not assert that his attorney was inadequate, lacking in diligence, or disinterested in his case"—regardless of the defendant's communication issues with his counsel. *Buie*, 298 Mich App at 67-68.

The court's denial of the substitution of counsel also lacked specific fact finding. However, the court made inquiry and engaged in sufficient colloquy on this issue to afford this court a record upon which to make a review. In this case, defendant asked the trial court to appoint him new counsel, during trial and while defense counsel was in the middle of examining the prosecution's first witness.[1] Defendant argued that his attorney had not listened to him regarding certain questions to ask. Defendant also later asserted that his attorney could not hear out of his left ear. The court denied defendant's request and stated that it believed defense counsel was listening to defendant, but that defendant was asking him to do things that counsel simply could not do. Furthermore, the court stated that defense counsel had "done nothing in this particular case that would indicate a need for a new attorney" and that he had been appropriate. Implicitly, the court did not find "good cause" for the substitution.

Although defendant and defense counsel did not have a completely amicable relationship, the trial court did not abuse its discretion when it did not appoint substitute counsel. See *Buie*, 298 Mich App at 66-70. The record does not provide that defense counsel was in fact inattentive to

---

[1] Defendant had been assigned appointed counsel to represent him in the case.

defendant's responsibilities or disinterested, nor does it show that defense counsel was inadequate, lacking in diligence, or disinterested in his case. See *id.* In fact, defendant pointed out that defense counsel was not a bad attorney. Additionally, the court made mention of how defendant had defense counsel previously for a different case and there were no issues between the two, and defendant was acquitted of that charged conduct.

Accordingly, this Court concludes that defendant has not met the requisite good cause threshold necessary for substitution of counsel. See *Strickland*, 293 Mich App at 397. Therefore, the trial court did not abuse its discretion when it made the decision to deny defendant's request because it did not fall outside the range of reasonable and principled outcomes. See *id.*; see *Buie*, 298 Mich App 67-68.

## III. SUFFICIENCY OF EVIDENCE

Next, defendant argues that there was insufficient evidence to support that he was actually in possession of a firearm. We disagree.

A challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010).

In reviewing the sufficiency of the evidence, this Court must determine whether, evaluating the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992). "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005). All conflicts in the evidence must be resolved in favor of the prosecution, and the Court shall not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses. *Wolfe*, 440 Mich at 515. "Intent may be inferred from all the facts and circumstances." *People v Cameron*, 291 Mich App 599, 615; 806 NW2d 371 (2011).

In this case, defendant was convicted of felon-in-possession and felony firearm. Felon-in-possession is a statutory offense that is set forth by MCL 750.224f. The two essential elements of felon-in-possession are: (1) the defendant is a felon who possessed a firearm (2) before his right to do so was formally restored under MCL 28.424. See MCL 750.224f; *People v Perkins*, 473 Mich 626; 703 NW2d 448 (2005). Next, felony-firearm is a statutory offense that is set forth by MCL 750.227b. "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). "Felon-in-possession may constitute the underlying felony for felony-firearm." *People v Dillard*, 246 Mich App 163, 168; 631 NW2d 755 (2001).

In this case, rather than introducing the judgments of sentence from defendant's prior felony convictions, the parties stipulated that defendant had previously been convicted of a felony that made him ineligible to possess a firearm on June 27, 2017, and June 28, 2017. The issue disputed by defendant is whether he had actual possession of actual firearms. In Michigan, possession may be actual or constructive. *People v March*, 499 Mich 389, 415; 886 NW2d 396 (2016). "[A] person has constructive possession if there is proximity to the article together with

-5-

indicia of control. Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). "Possession can be proved by circumstantial or direct evidence and is a factual question for the trier of fact." *Id.*

Viewing the evidence in a light most favorable to the prosecution, a rational jury could find that defendant had constructive possession of, at a minimum, the revolver that was found in the basement of the home. See *Wolfe*, 440 Mich at 513-514. After a detective had asked defendant where in the basement were the guns located, defendant replied, "just go look and you'll find them." When detectives went down into the basement they located a green gun box, what appeared to be a black suppressor, a magazine for a handgun, and a revolver. Although detectives noted that the revolver found did not appear to be the same color as the revolver pictured in the photo messages that were sent to defendant's ex-girlfriend, this revolver was still found in the basement of the home where defendant was living and all of his possessions were located. The detectives testified that defendant was the only person living in the basement of the home. Additionally, when defendant was asked if there would be any guns in the house, defendant replied that "there will be a gun in the bedroom. The upstairs bedroom."

On the basis of defendant's knowledge of guns in the home, his comment "just go look and you'll find them," and detectives finding a revolver in the basement of the home where defendant had been living, this Court concludes that defendant had constructive possession of, at a minimum, the revolver. See *Johnson*, 293 Mich App at 83.

Similarly, because there was sufficient evidence to establish that defendant had constructive possession of the gun to support his felony conviction for felon-in-possession, it follows that sufficient evidence was provided to convict defendant of felony-firearm. See *Id.*; see *Dillard*, 246 Mich App at 168.

Accordingly, in evaluating the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that there was sufficient evidence to reasonably conclude that defendant was a felon-in-possession of a firearm in violation of MCL 750.224f and, therefore, in violation felony-firearm in violation of MCL 750.227b. Defendant also argues that his sentence is not proportionate or reasonable to his offense and to his circumstances. Given our decision to vacate defendant's sentences and remand this matter for a new trial, we need not address defendant's sentencing issues.

Vacated and remanded for a new trial. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Cynthia Diane Stephens